UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
: 
CHRISTOPHER JACKSON :
: CASE NO. 12-CV-02999
Plaintiff, :
:
vs. : OPINION & ORDER
:
DONALD WILLIAMS, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 26, 2012, Plaintiff Christopher Jackson filed this action in Cuyahoga County Common Pleas Court against Defendants Donald Williams, John Doe Police Officers 2-10, and the City of Cleveland.[1] Jackson made three claims: (1) assault and battery; (2) intentional infliction of emotional distress; and (3) violations of his constitutional rights under 42 U.S.C. § 1983.[2] On December 7, 2012, the City of Cleveland removed the action to this Court.[3] On March 13, 2013, Jackson filed an amended complaint that did not include § 1983 claims.[4] Because only state-law claims remain, and because this case is in its early stages, the Court declines to exercise supplemental jurisdiction over Jackson's state-law claims and **REMANDS** this case to the Cuyahoga County Common Pleas Court.

"[D]efects in subject matter jurisdiction cannot be waived by the parties and may be

---

[1] Doc. 1-2.
[2] Doc. 1-2.
[3] Doc. 1.
[4] Doc. 9.

-1-

Case No. 12-CV-02999
Gwin, J.

addressed by a court on its own motion at any stage of the proceedings."[5] Under 28 U.S.C. § 1447(c), a district court shall remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ."[6] Here, Jackson's first complaint gave this Court original jurisdiction under 28 U.S.C. §§ 1343(a)(3) and 1331 because it contained civil rights claims under § 1983. The Court had supplemental jurisdiction over Jackson's state-law claims under 28 U.S.C. § 1367.

But, Jackson amended his complaint with the Court's leave. And in that amended complaint, Jackson abandoned his § 1983 claims and changed the nature of this action.[7] "An amended complaint supercedes an original complaint and renders the original complaint without legal effect."[8] Therefore, once Jackson amended his complaint, no federal claim remained.

Under § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all of the claims over which it had original jurisdiction. The Sixth Circuit has held that if federal claims are dismissed before trial, the Court generally should decline to exercise supplemental jurisdiction and dismiss the state claims as well.[9] In determining whether to exercise supplemental jurisdiction, the Court should consider issues of "judicial economy, convenience, fairness, and comity."[10] When a district court has dismissed all of the federal claims before trial, "the balance of considerations usually will point to dismissing the state law claims, or

---

[5] *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539 (6th Cir.2006).
[6] 28 U.S.C. § 1447©.
[7] Doc. 9.
[8] *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000). *See also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir.2000).
[9] *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.2009).
[10] *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Case No. 12-CV-02999
Gwin, J.

remanding them to state court if the action was removed."[11]

The Court finds that economy, fairness, and comity favor remanding the case. First, the parties are in the early stages of litigation. The Court has not conducted its initial case management conference. Second, Jackson has asked the Court to remand this case, and the Defendants have not objected. Accordingly, the Court declines to exercise jurisdiction over Jackson's state-law claims. This action is remanded to the Cuyahoga County Common Pleas Court.

IT IS SO ORDERED.


Dated: May 9, 2013                           s/      *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[11] *Musson Theatrical, Inc. v. Fed. Ex. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996) (citing *Cohill*, 484 U.S. at 350 n. 7.).